IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,                    )        CRIMINAL CASE NO. CF0085-13
                                       )
                                       )
                                       )
        vs.                            )
                                       )        DECISION AND ORDER
                                       )        (Motion to Dismiss Indictment)
                                       )
FRANCISCO MASAO,                       )
                                       )
                        Defendant.     )

## INTRODUCTION

This matter comes before the Honorable Judge Michael J. Bordallo on Defendant's Motion to Dismiss First Charge and Special Allegation of Indictment. Defendant Francisco Masao ("Defendant") is represented by Assistant Public Defender Richard S. Dirkx. The People of Guam ("The People") are represented by Assistant Attorney General Matthew Heibel. After reviewing the pleadings and arguments presented, the Court now issues the following Decision and Order DENYING Defendant's Motion to Dismiss.

## BACKGROUND

On January 8, 2013, Defendant was indicted on charges of Aggravated Assault (As a Third Degree Felony), Special Allegation of Possession and Use of a Deadly Weapon in the Commission of a Felony, and Family Violence (As a Third Degree Felony). The First Charge alleges that on or about February 12, 2013, Defendant committed Aggravated Assault in that he recklessly caused or attempted to cause bodily injury to Maria Msasao ("Victim") with a deadly weapon, that is, rocks and wood. Indictment at 1. The Special Allegation of Possession and Use of a Deadly Weapon in the Commission of a Felony alleges that on or about February 12, 2013, Defendant knowingly and unlawfully used a deadly weapon, that is, rocks and wood in the commission of a felony, that is, Aggravated Assault (As a Third Degree Felony), as alleged in the First Charge. Indictment at 2. The Second Charge alleges that on or about February 12,

2013, Defendant committed Family Violence (As a Third Degree Felony) in that he recklessly caused or attempted to cause bodily injury to Victim. *Id.*

On July 25, 2013, Defendant filed Motion to Dismiss First Charge and Special Allegation of Indictment ("Motion to Dismiss"). The People filed People's Response to Defendant's Motion to Dismiss First Charge and Special Allegation of Indictment ("Opposition").

## DISCUSSION

Defendant requests dismissal of the Indictment based upon two points: (1) there was no evidence presented to the Grand Jury that rocks and wood were used as deadly weapons, and (2) there was no evidence presented to the Grand Jury connecting Victim's injuries to rocks or wood.

An indictment should not be dismissed "if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it." *Guevara v. Superior Court*, 62 Cal.App.4th 864, 869 (Cal.Ct.App.1998) (citation omitted). Title 8 GCA § 50.54(b) provides that "[t]he grand jury *shall* find an indictment when from the evidence presented, there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it." 8 GCA § 50.54(b) (2013). "Reasonable cause amounts to evidence such that a man of ordinary caution or prudence would be led to believe and conscientiously entertain a strong suspicion of the guilt of the accused." *People v. Graio*, 1987 WL 109393 at * 2 (D. Guam 1987) (citations omitted).

A grand jury should receive only competent evidence. *See* 8 GCA § 50.42 (2013). Competent evidence is evidence that a reasonable person would rely upon in conducting his or her daily affairs. *See People v. Quidachay*, 815 F.2d 1311, 1313 (9th Cir. 1987). Title 8 GCA § 50.46 states that "[t]he grand jury shall receive only evidence presented to it by the prosecuting

attorney *but the prosecuting attorney shall submit any evidence in his possession which would tend to negate guilt* and the grand jury shall weigh all the evidence submitted." 8 GCA § 50.46 (2013) (emphasis added). In *Brady v. Maryland*, 373 U.S. 83, the Supreme Court held that "the suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or to punishment. . . ." 373 U.S. at 87. "Mistakes in testimony, misstatements, or the failure to prevent exculpatory evidence will not serve as grounds to dismiss an indictment where they do not 'amount to flagrant deception or overreaching of a grand jury.'" *People v. Palomo*, 1993 WL 129624 * 5 (D. Guam 1993) (quoting *United States v. Fritz*, 852 F.2d 1175, 1178 (9th Cir. 1988)). "Dismissal of an indictment is a disfavored remedy." *Id.* (citing *United States v. Rogers*, 751 F.2d 1074, 1076–1077 (9th Cir.1985)).

A person is guilty of aggravated assault if he either recklessly causes or attempts to cause bodily injury to another with a deadly weapon. 9 GCA § 19.20(a)(3) (2013). Title 9 GCA § 16.10 provides the following relevant definitions:

> (a)     *Bodily Injury* means physical pain, illness, unconsciousness or any impairment of physical condition;

> (c)     *Serious Bodily Injury* means bodily injury which creates: serious permanent disfigurement; a substantial risk or death or serious, permanent disfigurement, severe or intense physical pain or protracted loss or impairment of consciousness or of the function of any bodily
> member or organ;

> (d)     *Deadly Weapon* means any firearm, or other weapon, device, instrument, material or substance, whether animate or inanimate, which in the manner it is used or is intended to be used is known to the *defendant to be capable of producing death or serious bodily injury.*

9 GCA § 16.10 (2013) (emphasis added).

Title 8 GCA § 65.15 states that "[a]ny defense, objection or request which is capable of determination without the trial of the general issue may be raised before trial by motion." 8

GCA § 65.15 (2013). To explain its minimum requirements the Court looks to the requirements imposed upon other papers and motions. The majority of all other motions brought before the Superior Court are regulated by GRCP 7. GRCP 7 provides that a motion "shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. . . ." GRCP 7(b)(1). Interpreting this rule, the Guam Supreme Court has held that a party's failure to assert the grounds for its request may warrant denial. *See In re Estate of Concepcion*, 2003 Guam 12 ¶ 27. The Supreme Court of Guam ("Supreme Court"), in *Lamb v. Hoffman*, 2008 Guam 2 ("*Lamb I*"), held that "[i]n order to conduct a meaningful review, the parties must articulate their arguments in a way that allows this court to apply recognized rules of law: It is not sufficient for a party 'simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments , and then search for authority either to sustain or reject his position.'" *Id.* at ¶¶ 35 (citation omitted). Upon review of the Supreme Court's decision in *Lamb I* and the facial requirements of GRCP 7, the Court finds that Supreme Court's interpretation of *Lamb I* applies equally to criminal motions.

Defendant requests dismissal of First Charge of Aggravated Assault and the Special Allegation of Possession and Use of a Deadly Weapon. Motion to Dismiss at 3. Defendant contends that no evidence was presented to the Grand Jury of the size and weight of the rocks and wood used, and no testimony to show the items used were deadly weapons capable of producing death or serious bodily injury. *Id.* at 3. Defendant also argues there was no evidence presented to the Grand Jury attributing Victim's injuries to rocks or wood. *Id.* Defendant concedes Victim suffered serious injuries but maintains there was no evidence presented proving those injuries came from a weapon. *Id.* In Opposition, The People contend the Grand Jury was read Title 9 GCA § 16.10(d) to address what constitutes a deadly weapon. Opposition

at 3. The People also argue the Indictment was read to the Grand Jury, indicating the deadly weapons used were rocks and wood. *Id.*

In the present case, the Court is not persuaded that Defendant has met the minimum moving requirements of a written motion as stated in *Lamb I*. The Court recognizes Defendant's contention that no Grand Jury testimony was presented regarding the alleged rocks, wood, and their use. The Court, however, must deny the Motion to Dismiss, because it is procedurally improper or not accompanied by an affidavit or declaration confirmed under oath. Defendant simply argues that no evidence was presented to the Grand Jury regarding the alleged rocks, wood, and their use. Therefore, the Court denies Defendant's Motion to Dismiss until Defendant properly asserts via an affidavit or declaration confirmed under oath that no Grand Jury testimony was presented regarding rocks, wood, and their use.

The Government is cautioned that its Opposition does not indicate with the necessary particularity, as required by *Lamb I*, that evidence was presented to the Grand Jury sufficient to sustain an indictment. In sum, if the Court were presented with a properly supported motion, the Court notes that The People cannot rest on its contention that evidence was presented to the Grand Jury without a more definite argument.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss. Further proceedings are set for __OCT 08 2013 @ 9am__.

**SO ORDERED** this __1st__ of October 2013.

HONORABLE MICHAEL J. BORDALLO
JUDGE, SUPERIOR COURT OF GUAM

OCT 02 2013

Page 5 of 5

*People v. Masao*
Decision & Order (Motion to Dismiss)
Criminal Case No. CF0085-13